### W. J. HAYES ET AL. v. BOARD OF ED.

1 RULE AS TO INTEREST UNDER BID FOR BONDS.

A bid for school bonds, interest and principal payable in New York, offering par, "the accrued interest to date" and premium, in response to a circular letter stating that "no bid for less than par and accrued interest to date of delivery would be entertained" intends and requires payment of interest on the bonds from the date of issue to the date of delivery of the same, notwithstanding they are not delivered for forty-three days after date of issue.

*Henderson & Quail*, for plaintiff in error.

*T. H. Hogsett, Beacon, Excell, Gage & Carey*, for defendant in error.

HEARD ON ERROR.

CALDWELL, J.

This case is here on a petition in error to reverse a judgment obtained by the board of education of the city of Cleveland against W. J. Hayes & Sons for certain interest on bonds.

On November 9, 1889, W. J. Hayes & Sons inquired of the board of education of the city of Cleveland for information touching a proposed sale of bonds by said board. They were furnished with a printed circular letter informing them that it would on December 2, 1889, receive sealed proposals for $190,000 of coupon bonds to be dated December 15, 1889, and the letter stated also that no bid for less than par and accrued interest to the date of delivery would be entertained. On December 2d, the plaintiffs in error bid, in writing, for the bonds, saying " We will give you, par, the accrued interest to date, and a premium of $929." And at the bottom of the memorandum was this, "$190,929, and interest to date."

There was some complaint made by Hayes & Sons as to the form of the bonds, and there was some delay about the delivering of the bonds, and they were not delivered until January 26, 1890, some forty-three days after the date of the issue borne by the bonds.

Hayes & Sons paid the $190,000, the par, and $929 premium; and they refused to pay the interest for these forty-three days between December 15th, the date of the issue, and January 28th, the day of the delivery, amounting to $1,021.25. And the question involved in this case, is, whether they are required by law to pay this interest that accrued between the date of the issue and the date of the delivery.

The bonds were made payable, as well as the interest on the same, in New York, and the board, undoubtedly, contemplated they would be turned over to eastern parties, and the interest would be paid on the bonds from the day of the issuing and the party bidding would, according to the statute, be required to pay back to the city interest between the days of the issuing and the days of delivery, some forty-three days in this case.

The claim of W. J. Hayes & Sons is that their bid must not be understood to be a bid for interest from the date of the issue to the date of the delivery, but merely, as it states on its face, "the accrued interest to date." And the whole question narrows down as to whether this bid must be construed to mean a bid for accrued interest as claimed by the city, or, as claimed by Hayes & Sons, "only to date."

In determining the meaning of this contract and construing it, three things only can be considered: The law; the call for bids; and the bid itself.

The law is clear, that the person bidding must pay the interest from the issue to the time of delivery. The bid is as specific as the law; it states, "No bid for less than par and accrued interest to the date of delivery will be entertained."

Hayes & Sons had notice of the law; they knew the contents of the circular letter asking for bids, and they stated twice in the course of their bid that they would pay interest to date. Now the question is, what did they mean by "interest to date?" They, undoubtedly, intended to conform to the requirements of the law and to the requirements of the circular letter which they had received and for any other bid would avail them nothing whatever as it would neither be responsive to the law nor to the proposal for bids.

It seems to us that the only reasonable interpretation of this contract is, that W. J. Hayes & Sons intended to bid for interest from the time of issue to the time of delivery. This construction of the contract brings us to the conclusion that the judgment below was correct, and it is affirmed.